NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRATIMA BHATTARAI,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No.   21-70530

Agency No. A209-050-765

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,***
District Judge.

     Pratima Bhattarai, a native and citizen of Nepal, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

the immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and grant in part and deny in part the petition for review.

Substantial evidence does not support the agency's denial of Bhattarai's asylum and withholding applications. The agency erred in concluding there was no nexus between the February 2013 assault and Bhattarai's political opinion.[1] Bhattarai worked for a British non-governmental organization ("NGO"). The NGO "was not a political organization." Bhattarai testified credibly that a "well-known" Maoist named Harisham confronted Bhattarai in a village meeting and demanded that she disburse NGO funds to his party. Bhattarai refused and "public[ly] announced that [her NGO] would not give his political organization, or any other political organization, money." Later that evening, Bhattarai was attacked. The IJ never determined the identity of Bhattarai's attacker, explaining: "Assuming that Harisham did in fact [attack Bhattarai], there is no indication that his motivation for targeting Bhattarai was anything other than anger about not receiving money." But the IJ apparently overlooked that Bhattarai voiced a

---

[1] Substantial evidence supports the agency's determination that Bhattarai's first proposed particular social group, managers of CWSN, is not immutable and is consequently not cognizable. Substantial evidence also supports the agency's determination that Bhattarai was not threatened and harmed on account of membership in her second proposed social group, Nepalese women.

political opinion to Harisham, one of political neutrality. *See Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1286 (9th Cir. 1984) ("Choosing to remain neutral is no less a political decision than is choosing to affiliate with a particular political faction."). The fact Bhattarai expressed this opinion while refusing to give Harisham money does not rob it of its political character. *See Gonzales-Neyra v. INS*, 122 F.3d 1293, 1295–96 (9th Cir. 1997), *amended by* 133 F.3d 726 (9th Cir. 1998) (order); *cf. Buckley v. Valeo*, 424 U.S. 1, 16–17 (1976).

The agency's determination that the Nepalese government is able and willing to control the Maoist cadres also rests on legal error because the agency relied upon the "gap in proof" framework set out in *Rahimzadeh v. Holder*, 613 F.3d 916, 922 (9th Cir. 2010), and *Castro-Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011). We expressly disavowed that framework in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069–70 (9th Cir. 2017) (en banc).

Substantial evidence supports the agency's denial of Bhattarai's CAT claim because the record does not compel the conclusion that she will "more likely than not" be tortured if she is removed to Nepal. 8 C.F.R. § 1208.16(c)(2).

The IJ did not deprive Bhattarai of due process by concluding that the country conditions evidence she submitted was "insufficiently probative." Although Bhattarai "is entitled to a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf," the IJ's exclusion of

3

irrelevant evidence did not deny her that opportunity. *Cinapian v. Holder*, 567

F.3d 1067, 1073 (9th Cir. 2009) (alteration in original).

**PETITION GRANTED IN PART AND DENIED IN PART.** Bhattarai is

awarded her costs on appeal.